IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KIRSHA BROWN-YOUNGER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 1979 |
| | ) | |
| LULU, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

This copyright infringement action was originally brought pro se by Kirsha Brown-Younger ("Brown-Younger") against a number of defendants. This Court appointed Charles Leuin ("Leuin"), the next in line among the members of the trial bar obligated to take pro bono appointments, to represent Brown-Younger, only to learn through Leuin's motion to be relieved from representation that he had a total conflict of interest (at least three of the defendants named by Brown-Younger are currently clients of Leuin's law firm).

Immediately upon receipt of Leuin's notice of motion, this Court sought the name of another trial bar member to replace him as Brown-Younger's lawyer. But because the staff person in charge of such matters was out of the office at that time, the request for appointment will be granted either on or immediately after her scheduled return to her office on May 16. In the meantime, Brown-Younger did not choose to appear at the time of presentment of Leuin's motion--but later in the same day this

Court received no fewer than four self-prepared documents from Brown-Younger:

   1.  her Motion for Appointment of Counsel due to attorney Leuin's withdrawal, a matter as to which what has been said earlier indicates that this Court was ahead of her;

   2.  a request that defendant Barnes & Noble be defaulted for failure to file a timely responsive pleading;

   3.  a typewritten document (which like the last-mentioned item had been delivered to this Court's chambers on May 14, but which this Court did not see until the following day) bearing this caption:

> RESPONSE TO DEFENDANTS ANSWER
> MOTION TO STRIKE
> DEMURRER

   4.  another typewritten document, delivered to this Court's chambers on May 15 and bearing this caption:

> MOTION REQUESTING RE-SCHEDULING OF
> DISCOVERY CONFERENCE

First of all, Brown-Younger must understand that she cannot have it both ways:  Appointment of counsel to represent her means that she can no longer act pro se--and that means she cannot file court documents on her own.  Moreover, the nature of her filings confirms the good sense of that rule:

   1.  With this Court having appointed counsel to represent her, she should have realized that the first-

listed filing was unnecessary--certainly not when counsel's withdrawal had nothing to do with any problem that she had created.

2. As for the Barnes & Noble matter, Dkt. 18 is the United States Marshals Service form of Process Receipt and Return showing an April 20 date of service, so that Brown-Younger's May 14 filing was indeed three days beyond the Barnes & Noble responsive pleading date (assuming that the service of process complied with the rules). Under the circumstances this Court will await the prompt attention to the matter by Brown-Younger's new counsel.

3. Brown-Younger's third-listed document is itself stricken. First, it reflects a misapprehension of the common understanding that a motion to dismiss filed by one of several defendants to a lawsuit seeks only the dismissal of that defendant (unless, of course, the flaw identified in the motion is fatal to the lawsuit itself). And second, as stated earlier, any substantive arguments must be advanced by counsel and not by Brown-Younger herself.

4. Just where Brown-Younger gets the idea to "move[s] the court for an order compelling a settlement conference, pursuant to F.R.C.P. Rule 16," is a mystery. This Court of course always encourages parties to consider settlement, but Brown-Younger's strong-arm notion is both unwarranted and

impractical.  Hence the motion is denied.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date:  May 15, 2012