IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
EASTERN DIVISION

KIRSHA BROWN-YOUNGER,                    )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )        Case No. 12 C 1979
                                         )
LULU.COM, et al.,                        )
                                         )
                    Defendants.          )

## MEMORANDUM OPINION AND ORDER

This copyright action was initiated by the March 19, 2012 filing of a pro se complaint authored by plaintiff Kirsha Brown-Younger ("Brown-Younger"). Because Brown-Younger's allegations appeared to state a plausible claim,[1] this Court appointed a member of the trial bar to represent her promptly after she moved for the appointment of pro bono counsel.[2] Unfortunately both the original appointed counsel and the second lawyer appointed in his place had to withdraw on conflict-of-interest grounds, so that Brown-Younger is now being represented by a third appointee from the trial bar.

This memorandum opinion and order is occasioned by Brown-Younger's current pro se filing of a Motion for Sanctions. That motion charges the current appointed counsel with "abuse of process, by misrepresenting the Plaintiff, Kirsha Brown-Younger, on the basis of her disability

---

[1] This Court of course makes no findings as to the merits of a lawsuit at its outset. Instead its general view is that unrepresented plaintiffs, their targeted defendants and this Court are all better served when there are lawyers on both sides of any case. Accordingly it typically grants motions by qualifying pro se plaintiffs for the appointment of counsel, drawing on members of the trial bar for that purpose, as long as a complaint appears nonfrivolous on its face.

[2] Members of this District Court's trial bar are obligated by a court rule to accept such appointments. To assure fairness in that process, all appointments are made under a random system.

and race," as well as with having "represented the opposing parties, and presented conduct that implies that they [sic] are working on the behalf of the opposing counsel."

As the word "they" in the last quotation suggests, Brown-Younger's current motion is bizarre in that the first seven paragraphs of her nine paragraph "list of misconduct" relates not to the appointed counsel in this case, but rather to a different lawyer appointed to represent her in another lawsuit pending before this Court's colleague Honorable George Lindberg, Brown-Younger v. Chicago Police Department, 12 C 211. Before this opinion turns to the two paragraphs that speak about Brown-Younger's counsel in this case, something needs to be said about her own conduct in this action. According to this Court's highly reliable minute clerk, Brown-Younger misunderstood the purpose and effect of this Court's initial scheduling order, insisting that a settlement conference had to take place before the initial status hearing date and demanding that she be provided with a lawyer for purposes of that conference. When the minute clerk tried to explain otherwise, Brown-Younger became abusive and demanded an opportunity to speak to the minute clerk's supervisor – and when the minute clerk arranged that, Brown-Younger proceeded to leave a profanity-laden message on the supervisor's voicemail.[3]

Whatever else may be said, it is plain that Brown-Younger's accusations equate to a desire to fire her third appointed counsel. And that means his automatic relief from the appointment (as this Court frequently remarks, the termination of lawyer-client relationships is much like no-fault divorce, in that dissatisfaction on either side of the relationship leads to its severance). Although the present counsel has thus been relieved, this Court orders that he file a written response to the charges that Brown-Younger has leveled in paragraphs 8 and 9 of her current filing, and that he do so on or before June 25, 2012.

---

[3] What has been said in the text is not a matter of this Court's choosing sides in a "she said – she said" dispute. Because the supervisor was prescient enough to preserve a recording of Brown-Younger's language, this Court has listened to it. Brown-Younger cannot quarrel with the characterization here.

Meanwhile this Court expresses no views on the substance of Brown-Younger's complaint of alleged lawyer misconduct. But given the fact that she charges lawyers in <u>both</u> of her cases with major improprieties, coupled with her intolerable conduct vis-a-vie this Court's minute clerk and her supervisor, this Court exercises the discretion vested in it by this District Court's LR 83.39 by declining to appoint a fourth lawyer to represent Brown-Younger.

Milton I. Shadur
Senior United States District Judge

Date: June 12, 2012