IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KIRSHA BROWN-YOUNGER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12 C 1979 |
| | ) |
| **LULU.COM**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This Court's comprehensive July 3 memorandum opinion and order ("Opinion") sought to reserve the label of "lie" to the most egregious of the multiple misstatements and mischaracterizations that have marked the filings by plaintiff Kirsha Brown-Younger ("Brown-Younger") in this case -- to statements so patently and blatantly false that the possibility of innocent mistake rather than deliberate falsehood appears nonexistent. Now, however, Brown-Younger has seemingly outdone herself with her most recent (July 5) filing.

Focusing again on what appears to have become her favorite target -- this Court -- despite the quick rejections of her recusal motion by the Chief Judges of this District Court and the Court of Appeals, Brown-Younger has submitted a document bearing this caption:

> 2nd Motion To Recuse
> Motion for Abatement of All Interim Proceedings
> Motion for Stay of Proceedings To Enforce a Judgment
> Motion Requesting Hearing.

Employing the term "facts" in a dictionary-defying fashion, the document begins with this "Introduction/Statement of Facts":

PURSUANT to the Supreme Court Advisory Committee Disqualifications and Recusal Rule (1)(b), (1)(2), and Pursuant to Title 28, Sec. 455, and sec. 144, a Federal Judge shall recuse himself if his impartiality has been reasonably questioned. In accordance with the Supreme Court Recusal and Disqualification rule (3), a Judge should immediately disqualify or recuse himself without any further proceedings, if a Judge refuses to disqualify himself, then the Motion must be submitted to the Presiding Judge, to hear this motion, or the Presiding Judge must allow another Judge to hear this motion. See, ***People v. Botham, 629 P.2d 589, 595 (Colo. 1981); C.J.C. Canon 3(C)(1).***

> "Once facts have been set forth that create a reasonable inference of a "bent of mind" that will prevent the judge from dealing fairly with the party seeking recusal, it is incumbent upon the trial judge to recuse himself. A trial judge must accept the affidavits filed with the motion as true, even though the judge believes that the statements contained in the affidavits are false or that the meaning attributed to them by the party seeking recusal is erroneous".
> ***Johnson v. District Court, 674 P.2d 952 (Colo. 1982).***

In candor, that filing has astonished this Court. This Court has always been sensitive to considerations of professional ethics on the part of both lawyers and judges -- even before taking the bench, while in the private practice of law, it had served as Chairman of the Chicago Bar Association's Committee on Professional Ethics and as a member of the American Bar Association's committee on the same subject. And as to judicial ethics alone, this Court served for a number of years as the first retained general counsel to the Illinois Judicial Inquiry Board (the body charged with initiating and handling claims of misconduct on the part of Illinois state court judges at all levels -- even its Supreme Court). Since coming to the bench, this Court has taken pains to keep au courant in the field of judicial ethics.

So it was troubling indeed to encounter a reference to a "Supreme Court Advisory Committee" that has assertedly adopted rules that would replace the long-standing self-policing of recusal matters by the federal judiciary with a system under which any disgruntled litigant

could bring a false charge and force a judge off of a case. And that was all the more astonishing when that purported set of new rules had not been the subject of wide publicity or of any communication at all on the part of the Administrative Office or the Federal Judicial Center, let alone other sources of information to the federal judiciary.

Hence this Court immediately asked one of its excellent law clerks to try to validate and track down Brown-Younger's source. It took less than a minute for the law clerk, with the aid of Google as a search engine, to turn up a document captioned: "Supreme Court Advisory Committee Subcommittee Working Draft of Disqualification and Recusal Rule Proposal," a copy of which has been attached as Ex. 1 to this Opinion.[1]

Ex. 1's self-identification as a "Subcommittee Working Draft" rather than, as Brown-Younger would have it, an existing set of rules is disturbing enough. But what entirely destroys the integrity of her current submission -- and the integrity of Brown-Younger herself -- is that the "Supreme Court" referred to in that working draft is _not_ the United States Supreme Court, which has no such Advisory Committee, but the Supreme Court of the State of Texas. Just take a look at the last two pages of Ex. 1, which first describe the proposed rule as one that would replace current Rules 18(a) and 18(b) of the _Texas_ Rules of Civil Procedure, and then continue with a set of notes whose numbers match up precisely with the parenthetical note

---

[1] There is no question that the attached document is the source of Brown-Younger's statement of "facts" -- a totally misleading label, as the ensuing text will demonstrate. Every one of her above-quoted references to the purported Rules -- (b), (1) (2), and (3) -- as well as her current filing's later references to "Rule (7)" and "Rule (5)" is an exact match to the numbering in Ex. 1.

references in the text of the working draft. All of those provisions obviously speak of <u>Texas</u> procedures and potential rules, <u>not</u> of those in the federal system.[2]

So the bottom line is that Brown-Younger appears to have exhibited gross dishonesty in her latest salvo. What has been said here obviously has nothing at all to do with her race -- after all, lying and truth telling know no racial boundaries. Nor does it have anything to do with Brown-Younger's so-far-unnamed (and to this Court unknown) disability -- unless, that is, "disability" is the inability on her part to be truthful. And finally, as for any claimed bias because of Brown-Younger's status as a pro se litigant, any lawyer who had engaged in the deception disclosed here or heretofore would long since have been sanctioned for misconduct.

There is no need to repeat the citations and quotations in Opinion at 7-8, which are exemplary of the standards for granting or denying recusals in the federal courts (though perhaps not in Texas). Hence for the reasons set out here, Brown-Younger's second motion for this Court's recusal is denied. And when Brown-Younger responds on or before July 24 to the issues focused on in the Opinion, she must add an explanation as to her current filing as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 6, 2012.

---

[2] Brown-Younger, who repeatedly describes herself as well-versed in law, also knows better than to cite to three-decades-old Colorado state court decisions in the language quoted earlier in this opinion, as though they had any force (or even any relevance) in the federal court system.

# SUPREME COURT ADVISORY COMMITTEE
# SUBCOMMITTEE WORKING DRAFT
# OF DISQUALIFICATION AND RECUSAL RULE PROPOSAL

Rule _____.

(1) Disqualification and Recusal of Judges

    (a) Grounds for Disqualification.(2) A Judge is disqualified in the following circumstances:

        (1) the judge formerly acted as counsel in the matter, or practiced law in association with someone while that person acted as counsel in the matter;

        (2) the judge has an interest in the matter, either individually or as a fiduciary; or

        (3) the judge is related to any party by consanguinity or affinity within the third degree.

    (b) Grounds for Recusal.(3) A judge must recuse in the following circumstances, unless waived pursuant to subdivision (c);

        (1) the judge's impartiality might reasonably be questioned,(4)

        (2) the judge has a personal bias or prejudice concerning the subject matter or a party,(5)

        (3) the judge has been or is likely to be a material witness, formerly practiced law with a material witness, or is related to a material witness or such witness's spouse by consanguinity or affinity within the third degree;(6)

        (4) the judge has personal knowledge of material evidentiary facts relating to the dispute between the parties;(7)

        (5) the judge expressed an opinion concerning the matter while acting as an attorney in government service;(8)

        (6) the judge or the judge's spouse is related by consanguinity or affinity within the third degree to a party or an officer, director, or trustee of a party;(9)

        (7) the judge or the judge's spouse is related by consanguinity or affinity within the third degree to anyone known or disclosed to the judge to have a financial interest in the matter or a party, or any other interest that could be substantially affected by the outcome of the matter;(10)

Ex J page 1

(8) the judge or the judge's spouse is related by consanguinity or affinity within the third(11) degree to a lawyer in the proceeding.(12)

(9) a lawyer in the proceeding, or the lawyer's law firm, is representing the judge, or judge's spouse or minor child, in an ongoing legal proceeding other than a class action, except for legal work by a government attorney in his/her official capacity.(13)

(10) (14) the judge has accepted a campaign contribution, as defined in § 251.001(3)of the Election Code, which exceeds the limits in § 253.155(b) or § 253.157(a) of the Election Code, made by or on behalf of a party, by a lawyer or a law firm representing a party, or by a member of that law firm, as defined in § 253.157(e) of the Election Code, unless the excessive contribution is returned in accordance with § 253.155(e) of the Election Code. This ground for recusal arises at the time the excessive contribution is accepted and extends for the term of office for which the contribution was made.

(11) a direct campaign expenditure as defined in § 251.001(7) of the Election Code which exceeds the limits in § 253.061(1) or 253.062(a) of the Election Code was made, for the benefit of the judge, when a candidate, by or on behalf of a party, by a lawyer or law firm representing a party, or by a member of that law firm as defined in § 253.157(e) of the Election Code. This ground for recusal arises at the time the excessive direct campaign expenditure occurs and extends for the term of office for which the direct campaign expenditure was made.

(c) Waiver.(15) Disqualification cannot be waived. The parties to a proceeding may waive any ground for recusal after it is fully disclosed on the record.

(d) If a judge does not discover that there must be a recusal under subparagraphs (b)(7) until after substantial time has been devoted to the matter, the judge is not required to recuse if the person, with the financial interest, divests of the interest that would otherwise require recusal.

(e) Procedure.

(1) Motion. A motion to disqualify or recuse a judge, associate judge, or statutory master, other than a judge of the Supreme Court, Court of Criminal Appeals, Court of Appeals or Statutory Probate Court, must state in detail the factual and legal basis for recusal or disqualification and, if applicable, any exception under subparagraph (e)(2), and must be made on personal knowledge(16)or upon information and belief if the grounds for such belief are stated specifically.(17) A judge's rulings may not be a basis for the motion, but may be admissible as evidence relative to the motion.(18) A motion to recuse must be verified; an unverified motion does not invoke the proceedings under this rule except for sanctions.(19) A motion to recuse a judge for any ground listed in subparagraph (b)(10) or (b)(11) may not be filed by any party, lawyer or law firm whose action constituted a ground for recusal.(20)

Ex 1 page 2

(2) Time to File. A motion to disqualify or recuse may be filed at any time. A motion to recuse if filed later than the tenth day prior to the date the case is set for conventional trial must state one or more of the following:

   (A) the basis for recusal did not exist before ten (10) days prior to the date the case is set for conventional trial;

   (B) the judge who is sought to be recused was not assigned to the case before ten (10) days prior to the date the case is set for conventional trial;

   (C) the party filing the motion neither knew nor should have known of the basis for recusal before ten (10) days prior to the date the case was set for conventional trial; or

   (D) other good cause.

(3) Referral. The judge in the case in which the motion is filed must, without further proceedings, promptly recuse or disqualify or refer the motion to the presiding judge of the administrative region without taking any other action in the case. If the judge voluntarily recuses or disqualifies pursuant to the motion, the case shall be referred to the presiding judge of the administrative region for reassignment unless the parties agree that the case may be reassigned in accordance with local rules. The judge must promptly refer every motion to recuse or disqualify to the presiding judge of the administrative region, if the judge refuses to recuse or disqualify. If the judge in the case in which the motion is filed does not promptly recuse or disqualify or refer the motion to the presiding judge of the administrative region, the movant may forward a copy of the motion to said presiding judge and request the presiding judge to hear the motion or assign a judge to hear it. If the motion does not comply with subparagraph (e)(1), and subparagraph (e)(2) if applicable, the said presiding judge may deny the motion without a hearing. If the motion, including any motion filed against a presiding judge, complies with subparagraph (e)(1) and subparagraph (e)(2), if applicable, the presiding judge of the administrative region shall hear the motion or immediately assign a judge to hear it. Notwithstanding any local rule or other law, after a motion to recuse or disqualify has been filed, no judge may preside, reassign, transfer, or hear any matter in the case, except pursuant to subparagraph (e)(4), before the motion has been decided by the presiding judge or other judge assigned by the presiding judge of the administrative region, except by agreement of parties as described above.

(4) Interim Proceedings.(22) After referring the motion to the presiding judge of the administrative region, the judge in whose case the motion is filed must take no further action in the case until the motion is disposed of; except for good cause stated in the order in which the action is taken. However, in the following instances, the judge against whom the motion is directed may proceed as though the motion had not been filed, pending a ruling on the motion:

   (A) when the motion to recuse or disqualify is filed after the tenth day prior to the date the case is set for conventional trial on the merits (24); or

   (B) when the motion is the third or subsequent motion filed in the same case by the same party.

Ex 1 page 3

(5) Abatement of interim proceedings.(25) If all parties to the interim proceedings agree that the interim proceedings should be abated pending a ruling on the motion, the judge must abate all interim proceedings. The presiding judge of the administrative region or the judge hearing the motion to recuse or disqualify may also order the interim proceedings abated pending a ruling on the motion to recuse or disqualify.(26)

(6) Order entered during interim proceedings.(27) If the judge who signed any order in an interim proceeding pursuant to subparagraph (e)(4) is subsequently recused, the judge assigned to the case shall, upon motion of a party, review such order but may, after reviewing the basis for such order, enter the same or similar order or vacate the order. In any case where a judge has been disqualified, the judge assigned to hear the case shall declare void all orders entered by such judge and shall rehear all matters that were heard by the disqualified judge.

(7) Hearing.(28) Unless the presiding judge of the region has denied the motion without hearing pursuant to subparagraph (e)(3), a hearing must be scheduled to commence promptly. The presiding judge must promptly give notice of the hearing to all parties, and may make such other orders including interim or ancillary relief as justice may require. The hearing on the motion may be conducted by telephone and facsimile or electronic copies of documents filed in the case may be used in the hearing. The judge who hears the motion must rule within three (3) days of the last day of the hearing or the motion is deemed granted.

(8) Disposition. If a judge is disqualified or recused, the regional presiding judge must assign another judge to preside over the case and notwithstanding these rules or any local rule, the case shall not be reassigned to another judge without the consent of the presiding judge of the administrative region. If an associate judge or a statutory master is recused or disqualified, the court to whom the case is assigned must hear the case or appoint a replacement.(29)

(9) Appeal. If the motion is denied, the order may be reviewed for abuse of discretion on appeal from the final judgment. If the motion is granted, the order may not be reviewed by mandamus or appeal.(30)

(10) Assignment of Judges by Chief Justice of the Supreme Court. The Chief Justice of the Supreme Court may also appoint and assign judges in conformity with this rule and pursuant to statute including whenever the presiding judge recuses, is disqualified or is unavailable.(31)

(11) Sanctions. Sanctions are authorized as follows:

    (A)    If a party files a motion under this rule and it is determined, on motion of the opposite party, or on the court's own initiative, that the motion was brought for purposes of delay and without sufficient cause, the judge hearing the motion may impose any sanctions authorized by Rule 215.2(b).(32)

(B) Upon denial of three (3) or more motions filed in a case under this rule by the same party, the judge denying the third or subsequent motion shall enter an order awarding to the party opposing such motion reasonable and necessary attorneys fees and costs, unless the party making such motion can demonstrate that the motion was not frivolous. The party making such motion and the attorney for such party are jointly and severally liable for such fees and costs.

(C) A sanction order shall be subject to review on appeal from the final judgment.

(12) Justice of Peace Courts. This recusal rule does not apply to Justices of the Peace.

Comment 1: A motion to recuse or disqualify a statutory probate judge is governed by § 25.00255 of the Government Code.

Comment 2: Recusals where the judge is a member of a class that is represented by a lawyer or lawyer's law firm are decided on a case-by-case basis.

Comment 3: The term "conventional trial on the merits" is borrowed from North East Independent School District v. Aldridge, 400 S.W.2d 893, 897-898 (Tex. 1966). It means a case tried on the merits of the parties' substantive claims and defenses to a jury or to the court in accordance with the rules of civil procedure and evidence. It does not include other forms of adjudication, such as summary judgment proceedings, default judgment hearings, or cases disposed of on nonsuit, dismissed on motion for dismissal because of noncompliance with statutory prerequisites to the commencement or prosecution of suit or for failure to comply with the rules of civil procedure, for want of prosecution, pleas to the jurisdiction or pleas in abatement.

Comment 4: Section (e)(3) of this rule states that a judge handling a motion to recuse or disqualify must "without further proceedings" promptly recuse or disqualify or refer the matter to the presiding judge of the administrative region. The rule contemplates that the trial judge shall make a determination on the motion based only on the arguments made in and the evidence presented in a party's motion to recuse or disqualify and any response to the motion. While the trial court judge may hold a hearing to hear arguments on the merits of the motion to recuse or disqualify, the hearing is not evidentiary and may not be used as an "opportunity to develop a record regarding the motions to recuse". See In re Rio Grande Valley Gas Co., 987 S.W.2d 167, 179 (Tex. App.–Corpus Christi 1999, orig. proceeding). Section (e)(3) expressly disapproves any type of action by a judge on a motion to recuse or disqualify other than making a decision to recuse or disqualify or to refer the motion to the presiding judge of the administrative region or holding a hearing on the motion restricted to hearing arguments based on the party's motion or response and contrary holdings are overruled. See In re Rio Grande Valley Gas Co., 987 S.W.2d 167, 179 (Tex. App.–Corpus Christi 1999, orig. proceeding) and Winfield v. Daggett, 846 S.W.2d 920, 922 (Tex.App.--Houston [1st Dist.] 1993, no writ).

Ex. 1 page 5

1. This rule would replace current Rules 18a and 18b of the Texas Rules of Civil Procedure.
2. Section (a) is a nonsubstantive recodification of current Rule 18b(1). Both provisions are based on constitutional grounds for disqualification.
3. This section is derived from current Rule 18b(2).
4. From current Rule 18b(2)(a).
5. From current Rule 18b(2)(b).
6. From current Rule 18b(2)(c) & (f)(iii).
7. From current Rule 18b(2)(b).
8. From current Rule 18b(2)(d).
9. From current Rule 18b(2)(f)(i).
10. From current Rule 18b(2)(f)(ii).
11. Currently first degree.
12. From current Rule 18b(2)(g).
13. Paragraph (9) is based on The Guide to Judiciary Policies and Procedures, Vol. 5, Section 3.6-2, published by the Administrator's Office of the United States Courts.
14. Paragraphs (10) and (11) are based on proposals by the Judicial Campaign Finance Study Committee. Italicized print generally indicates new or changed language from the recodification or current Rule 18.
15. From current Rule 18b(5).
16. This requires details of facts and the legal basis for the motion. The former rule required "grounds."
17. From current Rule 18a(a).
18. This sentence is new.
19. The requirement that a motion be verified is based on current Rule 18a(a).
20. This sentence is new. It is part of the proposals by the Judicial Campaign Finance Study Committees.
21. There is no ending date by which the motion must be filed if based on any of the exceptions in (e)(2) (A), (B), (C), or (D).
22. This section, based on a concept from S.B. 788, seeks to deter untimely, multiple, and frivolous recusal motions.
23. <u>North East Independent School District v. Aldridge</u>, 400 S.W.2d 893, 897-98 (Tex. 1966).
24. This section, which differs from S.B. 788, would enable trial courts to stop interim proceedings until the recusal motion is ruled on if the motion appears to be meritorious or if the parties agree that the proceedings should be stopped. It thus prevents waste of judicial resources on proceedings where the recusal motion likely would be granted and the interim rulings caused to be "undone." <u>See</u> subparagraph (e)(6), below.
25. <u>See</u> (e)(7), last sentence.

26. This section is based on S.B. 788 but clarifies how trial judges can "fix" orders entered in interim proceedings that are required to be vacated after a recusal motion is granted. It also clarifies that orders entered in an interim proceeding while a disqualification motion is pending must be voided if the motion is granted.

27. The following two subparagraphs revise existing procedures to improve expeditiousness.

28. Masters and associate judges may be recused or disqualified. The preceding sentence clarifies the procedures for assigning replacements for such officers.

29. From current Rule 18a(f).

30. From current Rule 18a(g).

31. From current Rule 18a(h).

Ex 1 page 7