```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

KIRSHA BROWN-YOUNGER            )
                                )
            Plaintiff,           )
                                )
      v.                         )    No. 12 C 1979
                                )
LULU, et al.,                    )
                                )
            Defendants.          )

## MEMORANDUM ORDER

This Court regularly obtains printouts of the Clerk's Office record of motions that are considered as pending in cases assigned to its calendar--among other purposes, such listings provide information (1) as to any motions that may inadvertently have fallen between the cracks and (2) as to any motions on which this Court has actually ruled but the Clerk's Office has not made the proper entries to remove those motions from the "pending" list.

Issuance of this Court's most recent opinions in this case on July 3 and July 5 makes this a particularly good time to check the posture of some still-open items here. This memorandum order accordingly confirms the following:

    1. Dkt. 68 is Brown-Younger's June 18, 2012 motion that sought (a) to stay the then-scheduled July 27 hearing (a motion that was denied, with the hearing proceeding on schedule) and (b) to obtain pretrial discovery (a motion that was also denied because Brown-Younger failed to

establish that it was advanced in good faith, in the face of uncontroverted evidence that she had misstated the facts as to the publication--or more accurately the nonpublication--of her copyrighted work).

    2. Dkt. 69 is Brown-Younger's June 18 motion for a prove-up hearing on the then-existing default by defendant Barnes & Noble, Inc. It is denied without prejudice, based on that defendant's since-filed motion to vacate the default, which is unresolved at this point.

    3. Dkt. 70 is another Brown-Younger motion requesting discovery that was not filed until June 18, though it had been received in the Clerk's Office on June 15. It sought discovery from Amazon, although Brown-Younger's book of poetry had never been listed on Amazon's website. Indeed, Brown-Younger has confirmed that she had no basis for asserting otherwise. That motion is denied.

    4. Dkt. 72 is Brown-Younger's June 19 "Motion Requesting Trial Demurrer-Opposition Response." It is based upon Brown-Younger's position that the Alternative Dispute Resolution Act of 1998 somehow overrides her obligation to arbitrate her dispute with defendant Lulu, even though this Court has twice explained to her that the statute has no application as a matter of law. That motion is also denied.

    5. Dkt. 73 is Brown-Younger's June 20 filing captioned "Amended Opposition Response and Responsive Memorandum,"

which again mistakenly advances her arguments based on the Alternative Dispute Resolution Act of 1998. That motion, which has again improperly sought to challenge the arbitration required by the Membership Agreement with Lulu that Brown-Younger entered into, is denied as well.

    6. Dkt. 75 is the June 25 Barnes & Noble motion to set aside the entry of default against it and for leave to file a responsive pleading. Because of the pendency of the issuance of possible sanctions against Brown-Younger (including possible dismissal of this action), which is set for July 24, that motion has not been ruled upon.

    7. Dkt. 88 is Brown-Younger's June 28 "Motion To strike Opposition Response," which attacks the Barnes & Noble motion referred to in the preceding paragraph. Although that motion has not been ruled upon, Barnes & Noble is certainly entitled to <u>file</u> it. That motion is denied.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: July 9, 2012