# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **KIRSHA BROWN-YOUNGER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 12 C 1979 |
| | ) |
| **LULU**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Kirsha Brown-Younger ("Brown-Younger") has filed a notice of appeal from this Court's July 25, 2012 memorandum order ("Order") (which was also supplemented by a brief July 27 written order). Brown-Younger has accompanied her filing with an In Forma Pauperis Application and Financial Affidavit ("Application"), to which this memorandum order is addressed.

When Brown-Younger first filed her Complaint, which was also coupled with an Application seeking in forma pauperis ("IFP") status, this Court conducted its invariable review of such filings to determine whether they met our Court of Appeals' twofold requirement: (1) inability to pay the filing fee and (2) the advancement of an apparently nonfrivolous claim (see, e.g., Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)). It then appeared that Brown-Younger's claim met the Twombly-Iqbal "plausibility" test, so that this Court not only

granted the Application but also appointed a member of the trial bar to represent Brown-Younger pro bono publico.[1]

After that and a second appointment of trial bar counsel both failed to stick for reasons that did not appear to be ascribable to any fault on Brown-Younger's part, this Court made a third such appointment. That appointment regrettably eventuated in Brown-Younger's assertion of a wholly baseless charge of improper conduct by that lawyer calling for a contempt citation (indeed, she also brought a groundless complaint against the appointed counsel before the ARDC). This Court then determined that Brown-Younger would have to go it alone (something that the Complaint and her in-court conduct had indicated was within her capabilities).

Further actions taken by Brown-Younger, however, have confirmed her total irresponsibility and her abuse of the justice system (matters that have been memorialized by the necessity for this Court to issue a number of written orders). Among the most egregious of her actions was her total fabrication of a charge that a lawyer representing defendant Amazon.com (which had been named by her as a defendant, even though she had no information at all to suggest it had violated her asserted copyright[2]) had originally represented her, but had then

---

[1] That too is a near-automatic step that this Court takes where a complaint survives threshold examination. Experience teaches that the involvement of appointed counsel helps not only the plaintiff but also defense counsel (who is able to talk lawyer-to-lawyer where legal issues are involved) and this Court as well. Hence this Court quite regularly appoints counsel at a nonlawyer party's request even where the nonlawyer seems reasonably capable of self-representation.

[2] Indeed, counsel for Amazon had earlier written Brown-Younger a Rule 11 letter stating unequivocally that it had never listed her book of poetry on its website, but she nonetheless persisted in continuing to target Amazon as a defendant without making any further effort to check on whether the facts supported her naked supposition.

shifted to representing Amazon. That lie was aggravated by Brown-Younger's writing to the ARDC and falsely charging that lawyer too with misconduct.

This Court is of course well aware of the general rule that a grant of IFP status at the District Court level normally carries forward to an appeal. But in this instance this Court has said in the course of one of its written orders that if it had known at the time of Brown-Younger's original filing what subsequent events have revealed, it would have denied her IFP status under the standard announced in <u>Lee v. Clinton</u> and like cases. In this Court's view, any appeal by Brown-Younger would be just as frivolous as her Complaint has proved to be, so that it denies her current Application for IFP status. That issue can of course be retendered to the Court of Appeals for its determination.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 7, 2012